UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN KEYES; JENNIFER KEYES; and DUSTIN KEYES,<br><br>Plaintiffs,<br><br>v.<br><br>HOME DEPOT U.S.A., INC.,<br><br>Defendants. | Case No. 1:19-CV-00677 DAD JLT<br><br>ORDER DENYING REQUEST TO SEAL DOCUMENTS AND TO FILE REDACTED DOCUMENTS<br>(Doc. 19) |

The plaintiffs seek an order sealing certain documents filed with their motion to amend their pleading. (Doc. 19) The plaintiffs offer no real explanation why these documents should be sealed. At most, they assert that these are documents encompassed within the protective order issued by this Court (Doc. 14). The Court has reviewed the documents at issue to attempt to discern why they should be kept from the public view, but it cannot find a basis for sealing.

Federal Rule of Civil Procedure 26(c) determines when documents may be sealed. The Rule permits the Court to issue orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Only if good cause exists may the Court seal the information from public view after balancing "the needs for discovery against the need for confidentiality.'"

Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. Cal. 2010) (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002)).

Generally, documents filed in civil cases are presumed to be available to the public. EEOC v. Erection Co., 900 F.2d 168, 170 (9th Cir. 1990); see also Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1134 (9th Cir. 2003). The Court may seal documents only when the compelling reasons for doing so outweigh the public's right of access. EEOC at 170. In evaluating the request, the Court considers the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." Valley Broadcasting Co. v. United States District Court, 798 F.2d 1289, 1294 (9th Cir. 1986).

Local Rule 141 sets forth how a request to seal documents should be made. The protective order detailed that documents "protected" were not automatically entitled to be filed under seal and recited the parties' obligation to comply with the Rule (Doc. 11 at 10-11). The legal authority recited here also demonstrates that sealing may occur only if good cause is shown. Because there is not good cause shown for the request, the request is **DENIED without prejudice**. Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's request to seal (Doc. 19) is **DENIED** without prejudice. Counsel SHALL immediately confer as to whether the request for sealing will be renewed. If either side intends to do this, the request SHALL be made no later than **February 10, 2020**.

IT IS SO ORDERED.

Dated: **February 6, 2020**      **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE