UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN KEYES, JENNIFER KEYES, and DUSTIN KEYES,<br><br>Plaintiffs,<br><br>v.<br><br>HOME DEPOT U.S.A., INC.,<br><br>Defendant. | No. 1:19-cv-00677-DAD-JLT<br><br>ORDER GRANTING PLAINTIFFS' MOTIONS FOR LEAVE TO AMEND AND *SUA SPONTE* REMANDING ACTION<br><br>(Doc. Nos. 17, 22) |

This matter is before the court on two motions for leave to amend filed on behalf of plaintiffs Kevin Keyes, Jennifer Keyes, and Dustin Keyes (collectively, "plaintiffs"). (Doc. Nos. 17, 22.) Together, the pending motions seek to substitute the true identities of four Doe Defendants and add one new cause of action by way of amended complaint. The court deemed the motions suitable for decisions on the papers pursuant to Local Rule 230(g). (Doc. Nos. 21, 27.) For the reasons set forth below, the court will grant plaintiffs' motions for leave to amend and, due to the resulting destruction of subject-matter jurisdiction, will *sua sponte* remand this action to state court.

**BACKGROUND**

This case arises as a result of injuries purportedly suffered by plaintiff Kevin Keyes when a display rack at a Home Depot store in Bakersfield, California allegedly fell on him while he was

shopping there on or about November 3, 2018. (Doc. No. 1 at 10–11.) Plaintiff Jennifer Keyes is Kevin Keyes' wife and plaintiff Dustin Keyes is their son. (*Id.* at 13, 14.)

Plaintiffs commenced this action on March 19, 2019 by filing suit against defendant Home Depot U.S.A., Inc. ("Home Depot") and Doe Defendants 1 to 100 in the Kern County Superior Court. (*Id.* at 5.) Plaintiffs' complaint asserts five causes of action: (1) a premises liability cause of action on behalf of Kevin Keyes against Home Depot and Doe Defendants 1 to 50; (2) a general negligence cause of action on behalf of Kevin Keyes against Home Depot and Doe Defendants 1 to 50; (3) a products liability cause of action on behalf of Kevin Keyes against Doe Defendants 50 to 100; and (4) and (5) general negligence causes of action on behalf of Jennifer and Dustin Keyes against Home Depot and Doe Defendants 1 to 100. (*Id.* at 9–14.) Plaintiffs' complaint notes that "[e]ach named defendant . . . is a natural person" except: Doe Defendants 1 to 10 and 51 to 65, which are "business organization[s], form[s] unknown"; Doe Defendants 21 to 30 and 76 to 90, which are "unincorporated entit[ies]"; and Doe Defendants 11 to 20 and 66 to 75, which are "corporations." (*Id.* at 7.)

On May 16, 2019, Home Depot removed the action to this federal court on the basis of federal diversity jurisdiction pursuant to 28 U.S.C. §§ 1441, 1446(b), and 1332.[1] (Doc. No. 1.)

On January 31, 2020, plaintiffs filed their first motion for leave to amend, seeking to substitute SAP Ariba ("Ariba") and New England Wire Products, LLC ("New England") for Doe Defendants 51 and 65, respectively. (Doc. No. 17.) Plaintiffs contend that Ariba "was involved in the sale/distribution of the offending display" and New England "was the designer and manufacturer of the offending display." (*Id.* at 3.) Plaintiffs' first motion to amend is unopposed.

On March 20, 2020, plaintiffs filed their second motion for leave to amend, seeking to substitute Martin Zaragoza and Rodney Stevenson for Doe Defendants 31 and 32, respectively, and to add a general negligence cause of action for negligent supervision, training, and enforcement of store policies against defendants Zaragoza, Stevenson, and Home Depot. (Doc.

---

[1] Doe Defendants 1 to 100 do not appear on the docket in this action. This omission is immaterial because the Doe Defendants are named in the operative state court complaint which was removed to this federal court.

No. 22.) Plaintiffs contend that Zaragoza was the assistant store manager of the Bakersfield Home Depot store where Kevin Keyes was injured, and Stevenson was the department supervisor. (*Id.* at 3.) Plaintiffs allege that Zaragoza and Stevenson "are independently liable for failing to supervise and train the employees who affixed the display case to the support beam such that it was not secure at the time of the incident." (*Id.* at 4.)

On March 30, 2020, defendant Home Depot filed its opposition to plaintiffs' second motion for leave to amend. (Doc. No. 26.) Therein, Home Depot argues that "the sole goal of [plaintiffs' second] motion is to defeat the diversity jurisdiction of this court" and that neither Zaragoza nor Stevenson are indispensable or necessary to provide complete adjudication or relief. (*Id.* at 1–3.) On April 10, 2020, plaintiffs filed their reply to Home Depot's opposition. (Doc. No. 28.)

**DISCUSSION**

The court will begin by addressing plaintiffs' second motion for leave to amend.

**A.    Plaintiffs' Second Motion for Leave to Amend**

1.   <u>Legal Standard</u>

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C § 1447; *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001).

> Where the plaintiff's amendment would destroy diversity, it is within the Court's "sound discretion" to permit amendment in light of six factors—necessity of joinder, statute of limitations, timing of request for leave, motive for joinder in light of jurisdictional concerns, validity of claims, prejudice to plaintiff from denial of joinder—which the Court should consider "as a whole." *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011, 1013 (N.D. Cal. 2000).

*Borsotti v. Nationstar Mortg., LLC*, No. 2:17-cv-07193-DMG-JC, 2017 WL 10378492, at *2 (C.D. Cal. Nov. 15, 2017).

"Although courts consider whether a party would meet Fed. R. Civ. Proc. 19's standard for a necessary party, amendment under § 1447(e) is a less restrictive standard than for joinder

3

under Fed. R. Civ. Proc. 19." *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1011–12; *see also Trotman v. United Parcel Serv.*, No. C-96-1168-VRW, 1996 WL 428333, at *1 (N.D. Cal. July 16, 1996) ("The legislative history of § 1447(e) makes clear that the section is intended to confer upon district courts broad discretion to allow amendment even where remand may result . . .. This discretion is broader than the more restrictive joinder rules set forth in FRCP 19 and 20 . . .."); *Righetti v. Shell Oil Co.*, 711 F. Supp. 531, 535 (N.D. Cal. 1989) ("The court finds that neither the language of section 1447(e) nor its accompanying policy statements suggest that Rules 19 and 20 control the court's decision to deny joinder, or to permit joinder and remand.").

    2.    <u>Analysis</u>

Plaintiffs do not allege that Zaragoza and Stevenson are citizens of California in their pending motion. The court, however, assumes that is the case because Home Depot opposes plaintiffs' motion on the basis that substituting either into this action would defeat this court's diversity jurisdiction. The court will therefore apply the six factors outlined by the cases cited above in determining whether Zaragoza and/or Stevenson should be substituted into this action.

    a.    *Necessity of Joinder*

"A necessary party is one having an interest in the controversy, and who ought to be made [a] part[y], in order that the court may act on that rule which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1011. "This standard is met when failure to join will lead to separate and redundant actions." *Id.* "Courts disallow joinder of non-diverse defendants where those defendants are only tangentially related to the cause of action or would not prevent complete relief." *Id.*

Plaintiffs contend that Zaragoza and Stevenson are independently liable for the injuries allegedly suffered by Kevin Keyes due to their managerial and supervisory roles at the store where the incident occurred and therefore should be substituted in as named defendants in this

/////

/////

/////

4

action.² (Doc. No. 22 at 3–4.) Defendant Home Depot, relying on Rule 19, counters that neither Zaragoza nor Stevenson are indispensable or necessary to provide complete adjudication or relief in this action, in part because "[p]laintiffs have not even established that the named defendants were percipient witnesses or that their duties in a[ny] way related to plaintiffs' case." (Doc. No. 26 at 5.)

As noted above, joinder under 28 U.S.C § 1447 is less restrictive than joinder under Rule 19, "and joinder [under the former] may be permitted where the proposed defendant is closely related to the cause of action." *Dollens v. Target Corp.*, No. C-11-03265 RMW, 2011 WL 6033014, at *2 (N.D. Cal. Dec. 5, 2011). Thus, the court in *Dollens* found that the non-diverse employee that the plaintiff in that removed action was seeking leave to substitute into the action was a necessary party because "Target's liability turn[ed] primarily on [that employee's] conduct." *Id.* "Based on surveillance video, . . . it appear[ed] [the employee] was informed prior to [the] plaintiff's fall that there was water on the floor and had taken at least some action to remedy the situation." *Id.* at *1. The court found that "any adjudication with respect to Target . . . would necessarily require the court to evaluate [the employee's] conduct in a manner that would surely implicate her interests." *Id.* at *2. The court noted that under those circumstances "denying joinder could lead to redundant litigation and potentially inconsistent results . . . if [the] plaintiff sought redress against [the employee] in state court." *Id.*

Here, the court concludes that Zaragoza and Stevenson are necessary parties to this action. First, plaintiffs allege that both Zaragoza and Stevenson, in their managerial and supervisory capacities, failed to supervise and train the Home Depot employees who affixed the display rack that fell on Kevin Keyes. (Doc. No. 22 at 4.) It is of no import then that plaintiffs do not allege that Zaragoza and Stevenson were percipient witnesses to the alleged incident because their

---

² Plaintiffs' second motion to amend has been brought pursuant to Rules 15 and 16 of the Federal Rules of Civil Procedure. Plaintiffs rely on Rule 16 to establish that the motion is timely pursuant to the court's scheduling order, which it is. With respect to plaintiffs' reliance on Rule 15, however, the court notes that "[w]hile there is a certain degree of overlap [between the factors courts consider under Rule 15 and 28 U.S.C § 1447], courts use the factors [outlined above] . . . to scrutinize amendment more closely when the amendment will defeat diversity jurisdiction." *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1011.

1  alleged liability turns on their managerial and supervisory roles and responsibilities.  Indeed,

2  plaintiffs note that "[s]tore policies produced in discovery require certain methods of securing

3  display cases which, based upon the current state of discovery, were not followed." (*Id.*)

4  Accordingly, plaintiffs' negligence claims against Zaragoza and Stevenson are closely related to

5  their other claims brought in this action. *Cf. McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601,

6  608 (S.D. Cal. 2014) ("Plaintiff's allegations against Defendants Hopper, Peralta, and

7  Korhummel do not indicate that the individual Defendants are either necessary to or highly

8  involved in Plaintiff's allegations against Defendant Home Depot USA, Inc.").  Second, in

9  opposing the pending motion Home Depot does not dispute that Zaragoza or Stevenson held

10  managerial or supervisory roles that required them to supervise and/or train Home Depot

11  employees on the proper way to mount display racks.

12        That plaintiffs' claims against Zaragoza and Stevenson "are not materially different than

13  what is alleged in the Complaint" or that "neither [is] indispensable nor necessary to provide

14  complete adjudication or relief" to plaintiffs (Doc. No. 26 at 1, 4) is immaterial.  *See*, *e.g.*,

15  *Sanchez v. Costco Wholesale Corp.*, No. EDCV 20-515-GW-SPX, 2020 WL 3100825, at *1

16  (C.D. Cal. June 10, 2020) ("There is no obvious reason Plaintiff cannot pursue a claim of

17  negligence against Haas, even if it is true that Costco would also be liable for any such negligence

18  via respondeat superior and/or Costco would have to indemnify Haas pursuant to the California

19  Labor Code.").  Plaintiffs originally alleged claims against Does 1 to 100, as "agents or

20  employees of [Home Depot] . . . [who] acted within the scope of that agency or employment."

21  (Doc. No. 1 at 7.)  Having now discovered the identities of Zaragoza and Stevenson, plaintiffs

22  seek to substitute those identities for Doe Defendants 31 and 32.

23        Accordingly, consideration of this factor weighs in favor of allowing plaintiffs to

24  substitute Zaragoza and Stevenson into this action as named defendants.

25             b.    *Statute of Limitations*

26        This factor considers whether "the Plaintiff[] suffer injustice by a denial of joinder

27  because the statute of limitations prevents a separate claim from being filed in state court."

28  *Nielson v. Armstrong Consultants, Inc.*, No. CV 10-01857 HWG, 2011 WL 13228456, at *4 (D.

Ariz. May 18, 2011). "If the Plaintiff would lose its ability to bring a cause of action in state court because the statute of limitations ran while the federal court was deciding the joinder issue, denial of joinder would prevent the plaintiff from seeking any relief." *Id.* at *8.

Here, plaintiffs acknowledge that the applicable statute of limitations on their claims against Zaragoza and Stevenson does not expire until November of 2020. (Doc. No. 28 at 4.) Accordingly, consideration of this factor weighs against the granting of the proposed amendment because plaintiffs can still timely pursue their claims against Zaragoza and Stevenson in state court. However, if consideration of the remaining factors weigh in favor of substitution, then the court will not weigh this factor heavily since "requiring [plaintiffs] to litigate essentially the same issues in two forums would be a waste of judicial resources and risks inconsistent results." *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1012.

        c.     *Timing of Request for Leave*

"Courts consider delay in seeking amendment when determining whether to allow amendment to add a non-diverse party," *id.*, and "must consider whether the 'moving party knew or should have known the facts and theories raised by the amendment in the original pleading,'" *Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1284 (C.D. Cal. 2015) (quoting *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006)).

Plaintiffs contend that they brought their second motion for leave to amend "as soon as practicable." (Doc. No. 28 at 4.) They also note that there was some delay in discovering the identities of Zaragoza and Stevenson because "Home Depot required a protective order prior to producing documents," and "[s]ignificant delay occurred in obtaining Home Depot's agreement to the terms of the Stipulated Protective Order as well as Home Depot serving responsive documents upon Plaintiffs." (Doc. No. 22 at 3.) In its opposition, Home Depot concedes that plaintiffs' slight delay in bringing the second motion for leave to amend was justified. (*See* Doc. No. 26 at 5) ("[W]hile there has been some delay, Plaintiffs have offered an explanation."). Moreover, "this case is in its early stages and the delay does not appear to be prejudicial." *Dollens*, 2011 WL 6033014, at *2.

/////

7

1  Accordingly, consideration of this factor weighs in favor of allowing plaintiffs to

2 substitute Zaragoza and Stevenson as named defendants in this action.

3       d.    *Motive for Joinder in Light of Jurisdictional Concerns*

4 Home Depot argues that plaintiffs' motive in bringing their second motion is to defeat this

5 court's diversity jurisdiction over this removed action. (Doc. No. 26 at 5.) In his declaration,

6 counsel for Home Depot avers that

> On March 26, 2020, [he] had a telephone conversation with [plaintiffs' attorney] . . ., who indicated that the present motion was brought basically to defeat diversity jurisdiction. [Plaintiffs' attorney] further indicated that if the motion was denied [plaintiffs] had even considered dismissing the action and refiling it in state court naming the individual defendants if that could be done without jeopardizing [plaintiffs'] interests.

11 (Doc. No. 26 at 7.) The court is not persuaded by Home Depot's argument in this regard.

12 First, Home Depot's counsel's declaration does not establish that the purpose of the

13 motion is to defeat this court's diversity jurisdiction. *See Gunn v. Wild*, No. C-01-4320 VRW,

14 2002 WL 356642, at *5 (N.D. Cal. Feb. 26, 2002) ("To the extent that the intention to destroy

15 diversity counts as an improper motive under § 1447(e), . . . the court finds that defendants have

16 not produced evidence demonstrating this intention."). It is not clear to the court in what way

17 counsel for plaintiffs "indicated" to counsel for Home Depot that the motion "was brought

18 basically to defeat diversity jurisdiction." (Doc. No. 26 at 7.) The court sees no reason why

19 plaintiffs should be precluded from substituting Zaragoza and Stevenson for the previously

20 named Doe Defendants due to the fact that Home Depot elected to remove the state court action

21 to this federal court before plaintiffs could discover the identities of those individuals.

22 Second, even if Home Depot could establish that plaintiffs are seeking to defeat diversity

23 jurisdiction through their motion to amend, "§ 1447(e) makes the possibility that plaintiff adds a

24 defendant in order to defeat diversity less of a concern." *Gunn*, 2002 WL 356642, at *5; *see also*

25 *IBC Aviation Servs., Inc.*, 125 F Supp. 2d at 1012 ("Suspicion of diversity destroying

26 amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with

27 the addition of such defendants."); *Righetti*, 711 F. Supp. at 535 ("The court finds that the

28 legislative history of section 1447(e) forecloses defendant's argument, since the express purpose

8

of the section is to take advantage of the opportunity opened by removal from a state court to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal.").

Accordingly, consideration of this factor also weighs in favor of allowing plaintiffs to substitute Zaragoza and Stevenson into this action as named defendants.

e.   *Validity of Claims*

Next, the court considers "whether the claim[s] sought to be added seem[] meritorious." *IBC Aviation Servs., Inc.*, 125 F Supp. 2d at 1012.

Home Depot first argues that "no depositions have been taken" (Doc. No. 26 at 5) but provides no analysis as to how that fact impacts the validity of the claims plaintiffs seek to assert against Zaragoza and Stevenson.  Home Depot also argues that "[i]nvestigation reveals that Mr. Stevenson was not even at the store at the time of the incident[] [and] Mr. Zaragoza only responded to the incident." (Doc. No. 26 at 5.)  As discussed above in addressing the first factor, this argument is of no import because plaintiffs' theory of liability against Zaragoza and Stevenson is based on their managerial and supervisory roles.  Home Depot argues that neither Zaragoza nor Stevenson are "high enough in the chain of command to set company policy." (*Id.*) Plaintiff's claims against Zaragoza and Stevenson, however, do not depend on whether either of them could "set company policy."  Rather, plaintiffs allege that as assistant store manager and department supervisor, respectively, Zaragoza and Stevenson failed to adequately train and supervise their subordinates, as a result of which the display rack was improperly mounted and subsequently fell and injured Kevin Keyes.  Based on these allegations, it appears that plaintiffs' claims against Zaragoza and Stevenson are facially valid.

Accordingly, the court concludes that consideration of this factor also weighs in favor of granting plaintiff's motion and allowing them to substitute Zaragoza and Stevenson in as named defendants in this action.

f.   *Prejudice to Plaintiff*

Finally, the court considers whether denial of plaintiffs' second motion for leave to amend would prejudice them. *IBC Aviation Servs., Inc.*, 125 F Supp. 2d at 1013.

/////

As discussed above, "denying the amendment would require Plaintiff[s] to choose between redundant litigation arising out of the same facts and involving the same legal issues or foregoing [their] potential claims against" Zaragoza and Stevenson. *Id.* Moreover, Home Depot appears to concede that denial of joinder "would result in some prejudice to Plaintiffs (denial of choice of forum)." (Doc. No. 26 at 5.) Finally, the court notes that "when a case is not substantially developed and, as here, removal was prompt, there is little prejudice to the defendant by joining additional defendants." *Nielson v. Armstrong Consultants, Inc.*, No. CV 10-01857 HWG, 2011 WL 13228456, at *9 (D. Ariz. May 18, 2011).

Accordingly, consideration of this factor also weighs in favor of substituting Zaragoza and Stevenson as named defendants in this action.

### 3. Conclusion

Five of the six factors the court is to consider under 28 U.S.C. § 1447(e) weigh in favor of granting plaintiffs' second motion for leave to amend, and the one factor that does not is given less weight. Accordingly, the court will grant plaintiffs' second motion for leave to amend to substitute Zaragoza and Stevenson for Doe Defendants 31 and 32 in this action. Because Zaragoza and Stevenson's substitution into this action will destroy this court's diversity jurisdiction over the matter, the court will also *sua sponte* remand this action to the Kern County Superior Court.

### B. Plaintiffs' First Motion for Leave to Amend

The court will briefly address plaintiff's unopposed first motion for leave to amend seeking to substitute Ariba and New England for Doe Defendants 51 and 65. (Doc. No. 17); *see also* L.R. 230(C) ("[A] failure to file a timely opposition may . . . be construed by the Court as a non-opposition to the motion."). Plaintiffs contend that Ariba and New England should be substituted into this action because Ariba "was involved in the sale/distribution of the [] display" and New England "was the designer and manufacturer of the [] display." (*Id.* at 3.)

Plaintiffs' first motion is brought pursuant to Rule 15(a), which allows a party to seek leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2). Leave to amend pleadings "shall be freely given when justice so requires," *id.*, and in the Ninth Circuit, that rule is "to be applied with

10

extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). In analyzing whether leave to amend should be granted, courts consider five factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint. *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

Here, the third factor is not at issue since Home Depot has not opposed plaintiffs' first motion. Moreover, at the time plaintiffs filed their first motion for leave to amend, they had not previously sought leave to amend. With respect to the remaining factors, the court finds that the amendment was not brought in bad faith, was not delayed, and is not futile. Specifically, plaintiffs contend that after receiving discovery responses from Home Depot, they became aware of the identities of Ariba and New England, and based on those discovery responses, plaintiffs believe that Ariba was involved in the sale and/or distribution of the display rack and that New England manufactured it. (Doc. No 17 at 3; *see also id.* at 11 (Home Depot's Response to Request for Production No. 2, noting "Home Depot is informed and believes that it acquired these types of displays during the relevant time period from New England Wire Products, LLC"); *id.* at 23 ("Items Available Through Ariba E-Buy").) Thereafter, plaintiffs filed the motion to substitute Ariba and New England into this action as named defendants, arguing that as entities involved in the manufacturing, sale and/or distribution of the display rack, Ariba and New England are potentially liable to them for the damages they are claiming. (*Id.* at 3–7); *see also Arriaga v. CitiCapital Commercial Corp.*, 167 Cal. App. 4th 1527, 1534–35 (2008) ("Beyond manufacturers, anyone identifiable as an integral part of the overall producing and marketing enterprise is subject to strict liability. . . .. Thus, lessors of personal property, wholesale and retail distributors, and licensors are subject to strict products liability.").

Accordingly, the court finds that amendment is permissible under Rule 15 and will also grant plaintiffs' first motion for leave to amend to substitute Ariba and New England into this action for Doe Defendants 51 and 65.

/////

/////

11

**CONCLUSION**

For the reasons set forth above,

1. Plaintiffs' unopposed motion for leave to amend to substitute SAP Ariba and New England Wire Products, LLC for Doe Defendants 51 and 65 (Doc. No. 17) is granted;

2. Plaintiffs' motion for leave to amend to substitute Martin Zaragoza and Rodney Stevenson into this action for Doe Defendants 31 and 32 and to assert another general negligence cause of action for negligent supervision, training, and enforcement of store policies against Zaragoza, Stevenson, and Home Depot (Doc. No. 22) is granted; and

3. This action is *sua sponte* remanded back to the Kern County Superior Court.

IT IS SO ORDERED.

Dated: **June 23, 2020**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE